# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6876 | **DATE** | 2/27/2004 |
| **CASE TITLE** | Hauad vs. McAdory | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court dismisses Hauad's petition without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | FEB 27 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | 15 |
| | Copy to judge/magistrate judge. | | | |
| | OR | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JAIME HAUAD | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 03 C 6876 |
| | ) | |
| EUGENE McADORY | ) | |
| | ) | |
| Respondent. | ) | |

**DOCKETED**

**FEB 27 2004**

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Jamie Hauad has petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent argues that the Court should dismiss the petition as untimely pursuant to 28 U.S.C. §2244(d)(1)(A), enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). For the reasons set forth below, the Court dismisses Hauad's petition without prejudice.

### Background

Jamie Hauad was convicted of murder and aggravated battery with a firearm in connection with a May 1997 shooting, and received two concurrent life imprisonment terms and a consecutive fifteen year term. His conviction and sentence were affirmed on direct appeal, and his petition for leave to appeal to the Illinois Supreme Court was denied. Next he filed a petition for post-conviction relief in state court, which was dismissed. The dismissal was affirmed on appeal, and the Illinois Supreme Court denied leave to appeal.

On September 27, 2003, Hauad filed a pro se petition for habeas corpus under 28 U.S.C.

/5

§2254. The petition seeks relief on six grounds: the state's failure to prove guilt beyond reasonable doubt; ineffective assistance of trial counsel; improper admission of evidence of gang involvement; ineffective assistance of appellate counsel; denial of fair trial and due process; a claim of actual innocence based on a recantation by a prosecution witness; and a claim of ineffective assistance regarding a particular jury instruction. The actual innocence claim is backed up by an affidavit from the only surviving victim, Miguel Salgado, essentially stating that he falsely testified that he saw Hauad at the scene of the crime, and that he in fact had not seen him on the day the shooting took place. Salgado also says he was never contacted by Hauad's defense counsel. This claim has never been raised in state court, as Hauad contends that he was not able to secure this affidavit until April 2003, well after the conclusion of his state court proceedings.

## Discussion

Respondent has moved to dismiss Hauad's petition, arguing that it is untimely. A habeas petitioner must file no later than one year after the conclusion of his direct appeal or the expiration of the time for seeking direct review, in this case February 27, 2001. *See* 28 U.S.C. §2244(d)(1). The time during which a properly filed state petition for collateral review is pending does not count against the one year limitation. *See id.* §*2244*(d)(2). Hauad's post-conviction petition was filed on April 18, 2001, and his petition for leave to appeal as to the post-conviction petition was denied on October 2, 2002. Because 49 days had passed before Hauad filed the post-conviction petition, he had 316 days left after October 2, 2002 to file this case, that is, until August 14, 2003.

As to all but one of his claims, Hauad identifies no proper basis for tolling the statute of

2

limitations. The fact that he was incarcerated and proceeding *pro se* does not excuse late filing, see *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001), *overruled on other grounds*, *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001). And the Court disagrees with Hauad's argument that the statute is unclear: it makes it very clear that the clock starts running when the direct appeal is over with and stops only if and when a properly filed collateral attack is pending. The only potentially meritorious basis for tolling that Hauad identifies is that he did not receive Salgado's affidavit until April 2003. But this would not, we believe, extend the time for Hauad's five claims that are completely unrelated to Salgado's affidavit, as four months remained on the clock once the affidavit had been secured.

On the other hand, the presence of the "actual innocence" claim points us toward a resolution of the case, at least for the time being, other than dismissal with prejudice. That particular claim is raised for the first time in the habeas petition, and thus Hauad has not yet exhausted available state court remedies on the claim. As a general rule, when a court receives a habeas petition containing both exhausted and unexhausted claims, we are to dismiss the petition in its entirety, "leaving the petitioner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Slack v. McDaniel*, 529 U.S. 473, 487 (2000). This does not put Hauad at risk that his later re-filing of this case will be hindered by the rigorous procedural requirements of 28 U.S.C. §2244(b), which governs the filing of second or successive habeas applications. After a dismissal of a mixed petition pursuant to *Rose v. Lundy*, the subsequent refiling is not considered a second or successive petition. *Slack*, 529 U.S. at 487.

3

There is a good chance that Hauad's sixth claim will not provide a basis for federal habeas relief if and when Hauad brings it back to this Court. *See Herrera v. Collins*, 506 U.S. 390 (1993) (claim of actual innocence based on newly discovered evidence does not provide basis for federal habeas relief). But there is at least some hint of a claim of ineffective assistance of counsel contained in Salgado's affidavit, which conceivably might permit a claim cognizable in federal court. Our consideration of these issues, however, must await Hauad's efforts to present the claim in state court should he chose to do so.

The Court therefore dismisses Hauad's petition without prejudice pursuant to *Rose v. Lundy*. Accordingly, the Court makes no final determination at this time regarding the timeliness of the petition. Hauad may seek reinstatement of his petition without his actual innocence claim, though he would run the risk that a future petition on this claim will be disallowed. Alternatively, he may attempt to exhaust in state court the claims arising from the Salgado affidavit, via a second post conviction petition in a motion under 735 ILCS 5/2-1401. He may then reinstate this petition in its entirety after completing the state appellate process (which includes seeking leave to appeal to the Illinois Supreme Court). Either way, the Court will not require him to file an entirely new case; he may simply file a motion for reinstatement of the present case.

**Conclusion**

For the foregoing reasons, the Court dismisses Hauad's petition without prejudice.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: February 27, 2004